UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CRIMINAL ACTION

VERSUS                                                                              NO. 10-286

JACK S. LABROSSE                                                              SECTION "K"

## ORDER AND REASONS

Before the Court is Jack Labrosse's petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief and that an evidentiary hearing is not necessary. Accordingly, the motion is DENIED.

I.     BACKGROUND

In September 2010, a grand jury indicted Jack Labrosse (the "Petitioner") on one count of transportation of child pornography in violation of 21 U.S.C. § 2252(a)(1). (Rec.Doc. No. 7). In March 2011, Petitioner pleaded guilty to the count which carried a fifteen-year mandatory minimum sentence and a forty-year maximum sentence. (Rec.Doc. No. 30). Per the Pre-Sentencing Investigation report, the sentencing guideline range was 180-188 months. (*See* Rec.Doc. No. 41 at 13). In pleading guilty, Petitioner waived his rights to appeal, including those pursuant to 28 U.S.C. § 2255, though he reserved the right to appeal a sentence in excess of the statutory maximum. (Rec.Doc. No. 30). In July 2011, this Court sentenced Petitioner to 188 months, which was eight months more than the mandatory minimum, but did not depart upward from the guidelines. (Rec.Doc. No. 41).

At re-arraignment, prior to accepting Petitioner's plea, this Court discussed with him, in detail, the consequences of signing the waiver and pleading guilty. (Rec. Doc. 40). Specifically,

1

the Court informed Petitioner that, if he pleaded guilty, he could be sentenced to forty years imprisonment.  (*Id.* at 5). The Court also warned that should the sentence imposed be more than Petitioner anticipated, he would nonetheless be bound by his plea and have no right to withdraw it.  (*Id.* at 8). Petitioner acknowledged that he fully understood these terms and was pleading guilty voluntarily.  (*Id.* at 6-9). Moreover, Petitioner stated that he had enough time to discuss the case with his attorney, and he expressed satisfaction with his attorney's performance.  (*Id.* at 3).

In June 2012, Petitioner filed, pursuant to 28 U.S.C. § 2255, a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Rec.Doc. No. 38).  Petitioner asserted four grounds of ineffective assistance of counsel as the basis for the relief sought.  (*Id.* at 5-9).  In summary, Petitioner's claims are that counsel failed to: (1) move to suppress evidence, (2) challenge search of Petitioner, (3) argue a violation of Petitioner's Fifth Amendment rights, and (4) obtain discovery materials from the government prior to Petitioner's acceptance of the plea agreement.  (*Id.*).

## II.     LAW AND ANALYSIS

### A.     Evidentiary Hearing

Having fully reviewed the record, the Court determines that Petitioner's claims can be decided on the pleadings, memoranda, and the record and, as such, there is no need for an evidentiary hearing.  *See* 28 U.S.C. § 2255; *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) ("If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further."); *Franklin v. United States*, 589 F.2d 192, 193 (5th Cir. 1979).

### B.     Waiver of Collateral Proceedings

"An informed and voluntary waiver of post-conviction relief is effective to bar such relief."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Nonetheless, an ineffective assistance of counsel challenge may not necessarily be included in such a waiver. *Id.* "Only

when the claimed assistance directly affected the validity of that waiver or the plea itself" can an ineffective assistance of counsel claim survive that waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. *U.S. v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'" *U.S. v. Portillo*, 18 F.3d 290, 292 (5th Cir.1994) (citations omitted).

This Court is convinced that Petitioner had such knowledge, especially in light of the Court's intensive inquiry at the time of the plea that Petitioner knowingly waived his right to file for post-conviction relief including the filing of the instant motion pursuant to 28 U.S.C. § 2255. He was specifically informed by the Court that he was waiving these rights. In that portion of the colloquy, the Court stated:

> Specifically, you understand that you waive your right to appeal any sentence that I may impose including your rights to appeal under the statute which provides for review of a sentence and under also 28 USC 2255 which is the statute which provides for post-conviction remedies if there's a legal or constitutional basis for you to attack your conviction. Because you waived these rights you may appeal your conviction and/or sentence only . . . if I impose a sentence in excess of the statutory maximum and you can appeal your sentence if you show that you were deprived of certain constitutional rights including the effective assistance of counsel. Do you understand that, sir?

(Rec.Doc. No. 40 at 7-8). Petitioner responded that he did, in fact, understand his rights to post-conviction relief and that he was waiving those rights as part of the plea agreement. (*Id.* at 8). Furthermore, Petitioner attested in open court that he understood the plea agreement that he signed. (*Id.* at 16).

With respect to the voluntary nature of the plea, the Court specifically inquired whether Petitioner was influenced, induced or persuaded, in any manner, to plead guilty because of any threats made by anyone, to which he answered negatively. (*Id.* at 12). There is no evidence of

3

any actual or threatened physical harm, or mental coercion overbearing the will of the defendant. Again, at the time of the plea, the Court specifically questioned and was satisfied that the defendant was entering into the plea voluntarily. The Court is satisfied that Petitioner made an informed and voluntary waiver of post-conviction relief.

  **C.**  **Fourth and Fifth Amendment Violations**

  "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction. The plea waives claims of governmental misconduct during the investigation and improper motives for prosecution." *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (internal quotations omitted). In *Allen v. United States*, the petitioner was convicted on a guilty plea of receipt and distribution of child pornography. 9:04 CV 274, 2005 WL 2284022 at *1 (E.D. Tex. Sept. 7, 2005) *subsequently aff'd*, 250 F. App'x 9 (5th Cir. 2007). Thereafter, the petitioner moved the district court to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 claiming that the search of his computer was unlawful and his conviction was therefore based on illegally obtained evidence. *Id.* The district court, citing *Cothran* as binding authority, held that the petitioner, by virtue of pleading guilty, waived his right to challenge the search of his computer. *Id.* at *4. The United States Court of Appeals for the Fifth Circuit affirmed the district court in an unpublished opinion. *United States v. Allen*, 250 F. App'x 9, 12 (5th Cir. 2007) ("[The petitioner] makes no argument and cites no authority to suggest that he did not waive his right to challenge the search of his computer when he pleaded guilty. The district court did not err in dismissing this claim.").

  Petitioner contends that his Fourth Amendment right against unreasonable searches and seizures was violated when he was detained in Louisiana and law enforcement officials searched his laptop, hard drives, and vehicle. Petitioner contends that his Fifth Amendment right against self-incrimination was violated because he was compelled, without being offered immunity, to

4

provide law enforcement officials with access to encrypted files on his hard drives. Like the petitioner in *Allen*, who, by pleading guilty to the crime and admitting the elements of a formal criminal charge, waived his right to challenge the manner in which evidence against him was obtained, including a search of his laptop, Petitioner, by pleading guilty in March 2011, waived his right to challenge the evidence obtained from the search of his computer and hard drives, including evidence that was decrypted using passwords Petitioner provided to investigators. Petitioner does not make any argument or cite any authority to suggest that he did not waive these rights by pleading guilty. Petitioner's claims on these points, therefore, are without merit.

> D.   **Ineffective Assistance of Counsel**

Where a petitioner has waived his right to relief under 28 U.S.C. § 2255, the waiver applies to claims of ineffective assistance of counsel with two important exceptions. *See White*, 307 F.3d at 339. A petitioner's waiver is not valid where: 1) he argues that the ineffective assistance of his counsel rendered his waiver involuntary; or 2) he argues that he received ineffective assistance of counsel at his sentencing and that all ineffective assistance of counsel arguments are immune from waiver. *See id.* Here, Petitioner argues the first alternative and asserts in his motion that "but for counsel's deficient performance, the petitioner would not have pled guilty and signed a plea agreement." (Rec.Doc. No. 38 at 16).

To make a valid claim for ineffective assistance of counsel, a petitioner must demonstrate both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). He must show that: 1) his counsel's performance was deficient; and 2) his counsel's deficient performance prejudiced his defense. *Id.* at 687, 104 S. Ct. at 2064. While *Strickland* concerned a capital sentencing proceeding, the United States Supreme Court has held that the same test applies to claims of ineffective assistance of counsel during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). As to the first

5

prong of the test, a defendant must show that "counsel's representation fell below and objective standard of reasonableness." *Id.* at 57, 106 S. Ct. at 369 (quoting *Strickland*, 466 U.S. at 687-688, 104 S.Ct. at 2065.). The defendant must also show, however, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.). This two-part test applies when a defendant challenges his guilty plea based on ineffective assistance of counsel. *Id.* at 58, 106 S. Ct. at 370. In this context, the "prejudice" requirement hinges on whether counsel's constitutionally defective performance caused the defendant to plead guilty. *Id.* at 59, 106 S. Ct. at 370. In other words, the defendant must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner asserts that his counsel rendered ineffective assistance of counsel in the following respects:

- His counsel "failed to investigate any of petitioner's or government's information to provide a defense, which is an ABA standard that is to be followed by attorneys";

- His counsel "failed to file for a Brady/Jencks Motion prior to having petitioner sign plead agreement";

- His counsel "failed to argue that the petitioner's Fifth Amendment right to self-incrimination [sic] was violated in having to give a (LEO) his passwords/encrypted [sic]";

- His counsel "was ineffective for his failure to file for supression [sic] of statement and evidence"; and

- his counsel "was ineffective for his failure to challenge the arrest detention, and search of petitioners [sic] car, computer and thumbdrives."

(Rec.Doc. No. 38 at 17-24).

The first two contentions are considered together. Petitioner fails to assert any specific instances of his counsel's failure to conduct an adequate pre-trial investigation other than his

second contention that his counsel failed to obtain evidence from the government.  This claim is factually inaccurate.  In response to the petitioner's federal public defender's request for discovery, the government sent 340 pages of evidence, a compact disc, and a letter dated October 8, 2010.  (Rec.Doc. No. 43-3).  Additionally, petitioner's retained counsel provided this Court with a sworn affidavit acknowledging his receipt of the aforementioned letter and discovery materials as well as the fact that he personally reviewed the materials with the petitioner on more than three separate occasions prior to petitioner's decision to plead guilty.  (Rec.Doc. No. 43-4).

　　　　The remaining contentions are considered together.  Petitioner alleges that law enforcement officers illegally searched the petitioner and his personal effects, that his Fifth Amendment rights were violated by his "having to give… his passwords," and that his counsel failed to move to suppress all evidence resulting from these allegedly illegal searches.  (Rec.Doc. No. 38 at 19-24).  Prior to these searches, Petitioner was advised of his Miranda Rights. (Rec.Doc. No. 1 at 3).  Thereafter, Petitioner voluntarily waived his rights both verbally and by signing a Miranda Rights Waiver.  (*Id.* at 4).  Additionally, Petitioner voluntarily consented to the search and signed a Consent-to-Search form.  (*Id.*).  Petitioner voluntarily informed the investigators how and where he downloaded child pornography, where the image and video files were located on his hard disk drives, and that he had been addicted to child pornography for as long as he could remember.  (*Id.* at 3).  On multiple occasions, the Petitioner met with his attorneys and reviewed with them the evidence against him, including a compact disc of the petitioner's statements to law enforcement officers and copies of his Miranda Rights Waiver and Consent-to-Search form.  (Rec.Doc. No. 43-3; 43-2).  Petitioner fails to make any credible argument that, under the circumstances, it was objectively unreasonable for his counsel not to challenge: (1) the constitutionality of searches prior to which law enforcement had received a

Consent-to-Search form signed by the Petitioner; or (2) the admissibility of Petitioner's statements even though law enforcement had informed the Petitioner of his Miranda rights and Petitioner signed a Miranda Rights Waiver.  Petitioner asserts no legal basis for which either the consent form or the Miranda waiver were not valid.  Furthermore, Petitioner makes no credible argument that, had his counsel challenged either or both of the alleged constitutional violations, Petitioner would have been successful on those motions, and, therefore, would not have pleaded guilty but insisted upon going to trial.

Defendant fails to establish that his attorney's representation was deficient or that he was prejudiced by any alleged deficiency. Accordingly, defendant's § 2255 motion to vacate his conviction and sentence is **DENIED**.

New Orleans, Louisiana, this 18th day of March, 2014.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE